# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MDT SERVICES GROUP, LLC** | ) |
| **Plaintiff,** | ) ) |
| | ) No. 3:12-cv-01080 |
| v. | ) |
| | ) Judge Sharp |
| **CAGE DRYWALL, INC.** | ) |
| **Defendant.** | ) ) |

## MEMORANDUM & ORDER

Pending before the Court are Defendant Cage Drywall, Inc.'s Motion to Alter or Amend Order of the Court (Docket No. 91) ("Motion to Alter") and Defendant's Emergency Motion to Quash Writ of Execution (Docket No. 96) ("Motion to Quash"). For the reasons set forth below, Defendant's Motion to Alter will be denied but the Motion to Quash will be granted.

## I. Background

The Court declines to once again wade into the factual background of this case, on which it has previously expounded at some length. (Docket Nos. 80, 88). Briefly stated, the Court found in Plaintiff's favor on the breach of contract claim and provided the parties with an opportunity to settle the case before the Court ruled on damages. (Docket No. 81). After the parties failed to reach a settlement, the Court awarded Plaintiff $112,945.55 in damages, specifically $111,945.55 in lost profits and $1,000.00 for the cost of rehiring workers. (Docket Nos. 88 at 8-9; 89). Defendant objected to that sum and asked the Court to reduce the award to nominal damages in its Motion to Alter. (Docket No. 91). Plaintiff filed a Response in Opposition (Docket No. 93), albeit outside the fourteen-day window provided for by Local Rule

1

7.01(b).[1]  Two months later, on November 19, 2015, Plaintiff obtained a Writ of Execution, which was served on Defendant's bank.  Defendant asserts that because the Motion to Alter remained pending on that date, the judgment was not final and could not be executed.  Accordingly, Defendant asks the Court to quash the writ.  (Docket No. 96).

## II. Motion to Alter or Amend the Judgment

The disposition of a motion filed pursuant to Rule 59(e), lies within the sound discretion of the district court.  Keweenaw Bay Indian Comty. v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (citing Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)).  "Rule 59(e) motions are generally granted when one of the following circumstances arises: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice."  Burt v. Zych, No. 10-CV-12099-BC, 2011 WL 3862337, at *1 (E.D. Mich. Sept. 1, 2011) (citing Keweenaw Bay, 940 F. Supp. at 1141).  The availability of Rule 59(e) relief is neither an invitation to, nor a vehicle for, relitigating previously considered issues.  Id.

Alas, Defendant's Motion appears to be just that: an effort to relitigate issues previously disposed of by the Court.  Defendant makes absolutely no mention of an intervening change in law or the availability of new evidence, leading the Court to conclude that Defendant seeks amendment or alteration to remedy a perceived error of law.  To that end, Defendant contends that the evidence does not support the damages award and that Plaintiff was the first to breach the contract.  The Court has already thoroughly considered and rejected Defendant's contention

---

[1] Because the Court would deny Defendant's Motion to Alter even in the absence of Plaintiff's opposition, the Court does not address whether the Motion to Alter must be treated as unopposed.

2

regarding who breached first (Docket No. 80), and Defendant has presented absolutely no persuasive authority that would lead the Court to reverse course at this juncture. The Court also rejects Defendant's assault on the carefully calculated award of damages. Although the Court remarked upon the paucity of evidence proffered by Plaintiff, the Court's decision made clear that witness testimony and payroll records provided sufficient evidence to allow the Court to determine the appropriate amount of damages due to Plaintiff. (Docket No. 88 at 7-9). Rather than somehow refuting or discrediting this evidence, Defendant instead splices together portions of the Court's previous decisions in an attempt to paint a much direr picture of the record. As trier of fact, the Court finds this tactic ineffective. Defendant fails to satisfy the Rule 59(e) standard and thus has given the Court no reason to alter or amend the judgment.

### III. <u>Motion to Quash the Writ of Execution</u>

Defendant also argues that Plaintiff's effort to execute the judgment was inappropriate because of the pending Motion to Alter. Without commenting on the propriety of Plaintiff's efforts to execute the judgment, the Court notes that the monetary amounts in Plaintiff's Writ of Execution make no sense. Plaintiff's calculations simply do not add up and the Court cannot allow execution in the face of such mathematical infirmities. The Court will therefore grant Defendant's Emergency Motion to Quash. However, because the Court today reaffirms its previous judgment in Plaintiff's favor, Plaintiff is free to seek execution for the proper amount.

### IV. <u>Conclusion</u>

Based on the above reasoning, Defendant's Motion to Alter or Amend Order of the Court, Docket No. 91, is hereby DENIED. Defendant's Emergency Motion to Quash the Writ of Execution, Docket No. 96, is hereby GRANTED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE